## JOHN J. DWYER, EXECUTOR, *vs.* HANNAH LEONARD ET AL.

First Judicial District, Hartford, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A testatrix gave the residue of her property, real and personal, to the New York Association for Improving the Condition of the Poor, to hold in trust and to expend the income therefrom annually in sending poor children residing in New York into the country and in maintaining them while there. *Held:*—

1. That the gift was not void because of uncertainty as to the class of persons to be benefited thereby; that the purposes of the gift were within the charter powers and purposes of the Association; and that the Association itself had implied power under its original charter, or at all events under the amendment of 1921, to select the individual beneficiaries of the class described.

2. That the testatrix manifestly did not intend, by the terms of the bequest, to set up a special trust of her own to be administered in accordance with directions contained in her will, since there were none, but to make a gift in trust to the Association to be administered by it for the benefit of the described class, without attempting to confer any powers or to impose any limitations upon the trustee which were not already conferred or imposed by its charter.

3. That the Association, upon accepting the trust, would be entitled to receive and hold the trust fund without qualifying or accounting as testamentary trustee in the local Court of Probate, being amenable to the courts of New York for its proper administration.

Gifts to religious and charitable corporations to aid in carrying out the purposes for which they are organized—whether by expending the principal of the bequest or the income of one to be invested in perpetuity—do not create trusts in any legal sense, and are not to be judged by any of the well-known rules pertaining to the law of trusts as applied to private individuals. Such gifts are, however, subject to our statute of charitable uses (§ 5081), under which our courts will act to secure the fulfilment of the donor's purpose and intent.

Legal incapacity to accept a charitable bequest may be cured by subsequent legislation.

The case of *White* v. *Fisk,* 22 Conn. 31, explained and distinguished.

Argued January 4th—decided March 6th, 1924.

SUIT for the construction of the will of Ellen P. Mineiky of Hartford, deceased, brought to and reserved by the Superior Court in Hartford County, *Banks, J.*, upon an agreed statement of facts, for the advice of this court.

The testatrix, a resident of Hartford, died September 15th, 1915, leaving a will admitted to probate in October, 1915. The final accounting of the executor has been delayed for reasons not stated, except that an appeal from a decree of the Court of Probate relating to the amount claimed by the executor for services is still pending and undecided.

In September, 1920, the defendant Hannah Leonard, one of the heirs and next of kin of the testatrix, filed a petition in the Court of Probate alleging that paragraph ten of the will was void, that the residue therein attempted to be disposed of was intestate estate, and praying for an order of partial distribution as to such residue.

The questions reserved for our advice are as follows:—

(a) Whether or not the gift set forth in the tenth paragraph of the will of Ellen P. Mineiky, deceased, is void because of uncertainty as to the class of persons to be benefited thereby.

(b) Whether or not said gift under said tenth paragraph of said will is void because said will does not provide a sufficiently definite or certain mode or means of selecting the class of persons to be benefited thereby.

(c) Whether by said tenth paragraph of said will the testatrix intended to make a gift to the New York Association for Improving the Condition of the Poor, of which the income was to be expended for certain of its purposes, or to establish a trust for the benefit of the class of beneficiaries therein described.

(d) Whether or not the purposes of the gift specified

in said tenth paragraph of said will are within the powers and purposes of said New York Association for Improving the Condition of the Poor.

(e) Whether or not the New York Association for Improving the Condition of the Poor may qualify and act in the State of Connecticut as trustee for the purposes stated in said tenth paragraph of said will.

*John J. Dwyer,* for the plaintiff.

*Alvan Waldo Hyde,* for the defendant the New York Association for Improving the Condition of the Poor.

*Henry J. Calnen,* for the defendants Hannah Leonard *et al.*

BEACH, J. The tenth paragraph of the will reads thus: "TENTH:—All the rest, residue and remainder of my property, whatever the same may be and wherever situated, I give, devise and bequeath to the New York Association for Improving the Condition of the Poor, said Association being located in the City of New York, in the State of New York, and having its office and place of business at 105 East 22nd Street, in said City of New York, to hold the same in trust, and to expend the income therefrom annually in sending poor children residing in any part of said City of New York, in the country during the summer months, and in maintaining them while in the country."

Questions (a) and (b) relate to the validity of the testamentary disposition of the residue, and questions (c), (d) and (e) to the legal character of the gift, and to the capacity of the New York Association for Improving the Condition of the Poor, to take and administer the fund.

The New York Association for Improving the Condition of the Poor, hereinafter called the corporation,

is a corporation organized under the laws of New York
for certain charitable purposes. In the original certifi-
cate of incorporation dated December 11th, 1848, its
purposes are set forth in general comprehensive terms,
and in 1921 an Act to broaden the purposes of the cor-
poration was passed by the New York legislature and
approved by the Governor of New York.

Among the means which the corporation is, by the
last named Act, authorized to employ in carrying out
its general purposes are these: "the conduct of homes,
dispensaries or hospitals, vacation homes, playgrounds,
fresh air excursions, laundries or baths, or by other
means," etc. By a statute of New York, every cor-
poration has power to acquire by "gift" or "bequest,"
and "to hold and to dispose of such property as the pur-
poses of the corporation shall require," etc.

The contention that the disposition of the residue is
invalid is based upon the claim that (1) the beneficia-
ries of a charitable trust must be specific, while in this
case they are wholly uncertain; and (2) that there must
be a definite or certain mode or means of selecting the
class of persons to be benefited. These propositions
are supposed to be supported by *White* v. *Fisk*, 22 Conn.
31, where the testator established a trust for the pay-
ment of income for certain purposes, and added: "Any
surplus income that may remain, to the extent of $1,000
per annum, I direct to be expended, by my said trustees,
for the support of indigent pious young men, preparing
for the ministry in New Haven, Connecticut." The
trustees were individuals appointed by name, and the
trust attempted to be created by the words quoted was
held void for uncertainty. The case is so familiar and
has been so often discussed that it is unnecessary to say
more than that the conclusion of the court was based
on the failure of the testator to give the trustees any
power of selection among the class, and upon the fact

Dwyer *v.* Leonard.

that the class itself was described in such general terms that without a discretionary power of selection the beneficiaries could not be identified.

The opinion is however careful to point out that if the gift had been to a charitable corporation authorized by its charter to administer the fund for the purposes thus imperfectly described, a very different question would have been presented, saying: "If a bequest, for the purpose indicated in this will, in this respect, had been made to a college, a theological institute—the Congregational Society of which the testator was a member—or other body which had, or might have, a supervision or interest in the general object of this charity, and rules for its management, it would have presented a very different case; but as it is, we think the provisions of the will in this matter, have been left by the testator quite too loose and indefinite for judicial action."

The distinction thus pointed out is palpable. A gift to a charitable corporation, whether expressed in terms of trust or otherwise, to expend the income for its general purposes or for a special purpose within its charter, is a gift to a legal person already having all necessary authority to administer the fund in accordance with its charter. Every corporation has, in addition to the powers expressly conferred upon it, such implied powers as are necessary to carry its express powers into effect. *Bridgeport* v. *Housatonic R. Co.*, 15 Conn. 475, 502. We have no doubt that this corporation has express power to send "poor children residing in any part of the City of New York" into the country, and it must follow that it has implied power to select the individuals to be sent, for otherwise it could not "conduct . . . fresh air excursions" at all. That being so, the objection that the trust is void for uncertainty is answered.

Of the many cases in this State sustaining charitable trusts quite as indefinite as that herein upheld, we cite

only a few which have held that in administering a charitable trust, public and charitable corporations have power to select beneficiaries from the class indicated. *Storrs Agricultural School* v. *Whitney*, 54 Conn. 342, 352, 8 Atl. 141; *Woodruff* v. *Marsh*, 63 Conn. 125, 26 Atl. 846; *Dailey* v. *New Haven*, 60 Conn. 314, 22 Atl. 945 (by necessary implication); *Mack's Appeal*, 71 Conn. 122, 135, 41 Atl. 242; *Eliot's Appeal*, 74 Conn. 586, 607, 51 Atl. 558.

We have already answered in the affirmative question (d), which asks whether the purposes of the gift are within the powers and purposes of the corporation. In view of the Act of 1921, further discussion of that point seems unnecessary. Without intending to express the opinion that the corporation did not have such power under its original certificate of incorporation, we observe that it is enough that such power has been expressly granted after the testator's death. A charitable trust may be sustained though the corporation has no power to accept the trust, provided such power is thereafter given. *Eccles* v. *Rhode Island Hospital Trust Co.*, 90 Conn. 592, 98 Atl. 129, and cases cited.

Questions (d) and (e) may be discussed together. Ordinarily it is of little consequence whether a gift to a charitable corporation for one or more of its corporate purposes be in form a gift outright or a gift in trust. In either case the corporation holds it upon a trust which may be enforced through the visitorial power of the State.

It has, however, developed in argument that one of the questions in dispute is whether the trust created by the tenth paragraph of the will is a trust to be administered by the trustee under its charter, subject only to such supervision as the State of New York may see fit to exercise, or whether it is a trust to be administered according to the terms of the will under the su-

pervision of the Court of Probate for the district of Hartford. This question cannot, without some qualification, be answered in terms of the alternative proposed in question (c) between a gift to the corporation of which the income is to be expended for a charitable purpose, and a trust for the benefit of the class described in the will. "Gifts to religious and charitable corporations to aid in carrying out the purposes for which they are organized, whether by expending the principal of a bequest, or the income of a bequest to be invested in perpetuity, do not create a trust in any legal sense, do not offend against the statute of perpetuities, and are not to be judged by any of the well-known rules pertaining to the law of trusts as applied to private individuals." *Bird* v. *Merklee,* 144 N. Y. 544, 550, 39 N. E. 645; quoted and adopted in *Pierce* v. *Phelps,* 75 Conn. 83, 86, 52 Atl. 612. "They are, however, governed by our statute of charitable uses (§ 5081), and its positive declaration that such gifts shall be and 'remain to the uses to which they have been or shall be granted, according to the true intent and meaning of the grantor, and to no other use whatever,' imposes on the courts, whenever it appears that the gift is for an object which the law recognizes as a public charitable use, the duty of seeing that the statutory trust thus created does not fail for want of a trustee." *Eccles* v. *Rhode Island Hospital Trust Co.,* 90 Conn. 592, 598, 198 Atl. 129.

The correct answer to question (c) depends on whether the testatrix intended to make a gift in trust to the corporation to be administered by the corporation for the benefit of the class described, or whether she intended to set up a special trust of her own to be administered in accordance with directions contained in her will. We think there can be little doubt on that point, for no enforcible trust is self-contained in the will. The will describes a class of possible beneficiaries so

large that only a fraction of them could have been within the beneficial intent of the testatrix, and the will does not attempt to identify that fraction nor does it direct the trustee to make the necessary selection in accordance with any rule laid down by the testatrix. The testatrix has intentionally left the selection of the beneficiaries to the discretion of the trustee, without attempting to confer any powers or to impose any limitations upon the trustee which were not already conferred or imposed by its charter.

Such a trust is a public charitable trust and is not to be administered according to any directions contained in the will, for there are none; but in aid of the class described according to the charter of the corporate trustee and under the sanction of the laws of the State of New York; and it follows that the trustee, upon accepting the trust, will be entitled to receive and hold the trust fund without qualifying or accounting as testamentary trustee in the Court of Probate for the district of Hartford.

Questions (a) and (b) are answered in the negative; question (c) is answered by stating that the testatrix intended to establish a charitable trust to be administered by the corporate trustee in New York State under the terms of its charter; this also answers question (e); question (d) is answered in the affirmative.

The Superior Court is advised to enter judgment in accordance with the foregoing answers to the questions reserved. No costs will be taxed in this court in favor of any party.

In this opinion WHEELER, C. J., CURTIS and KEELER, Js., concurred.

MALTBIE, J. I concur in the decision and in the foregoing opinion except as regards that portion which

discusses the question whether or not the gift is to be administered under the supervision of the Court of Probate for the district of Hartford. A sufficient answer to that question, as it seems to me, is found in the principle that where a fund is devoted to charitable uses in another jurisdiction, our courts ought to direct it to be paid over to the proper parties in that jurisdiction leaving it to the courts there to see to its due administration. *Chamberlain* v. *Chamberlain*, 43 N. Y. 424, 432; *Robb* v. *Washington & Jefferson College*, 185 N. Y. 485, 496, 78 N. E. 359; *Burbank* v. *Whitney*, 41 Mass. (24 Pick.) 146, 154; *Taylor* v. *Trustees of Bryn Mawr College*, 34 N. J. Eq. 101, 104; *Silcox* v. *Harper*, 32 Ga. 639; *Peynado's Devisees* v. *Peynado's Executor*, 82 Ky. 5, 12.