EDWARD SWASEY, administrator with the will annexed, *vs.* THE AMERICAN BIBLE SOCIETY & others.

A bequest to the "first Calvinist Baptist Society that may be organized in" a certain school-district and town named, "for the purpose of buying a lot of land and erecting thereupon a meeting-house for the use of said society," is valid as a charitable bequest.

So with a bequest of a certain sum with its accumulations, to be funded as directed, "for the support of the ministry of the first Calvinist Baptist Society organization named in the previous item, provided that the" amount at the testator's decease, "shall be put in trust, for the purpose specified, of a committee or trustees appointed by the said Baptist association, together with the legal trustees of the school fund in the town" named; "and provided that if said society or church organization shall ever cease to have such ministry, then the income of the fund shall revert to" the testator's "most needy heirs, and if the society or organization shall ever cease to have a ministry as specified for the term of seven years, then said sum and its accumulations shall be forfeited by the said society." And *Held*, that as there is no Baptist organization as yet, the fund should be managed by "the legal trustees of the school fund in the town."

So with a bequest of the income of a certain sum, funded as directed, for "the education of a pious relative above the age of fourteen years, and a resident of" a town named, "who shall be of the Calvinistic faith, and shall be a student for the ministry."

So with a bequest of a specific sum "for the benefit of needy single women and widows," whenever an equal sum shall be contributed by some other person, and a suitable building is provided for their reception.

So with a bequest of a certain sum "for the education and instruction of poor and needy children in the first school district in the town" named, to furnish them with necessary clothing while attending school.

Swasey *v.* American Bible Society.

So with a bequest of a certain amount "to keep in suitable repair the" Buck family burying-ground, so called.

So, also, with a bequest of the residue of his estate "for the benefit of the poor and needy of the" testator's "relatives."

In case of a deficiency of assets, general legacies must abate proportionally.

APPLETON, C. J.　This is a bill in equity brought by the administrator, with the will annexed, on the estate of Moses G. Buck, in pursuance of R. S. of 1857, c. 77, § 8, to determine the construction of said will and the mode of executing the trusts arising under the same.　It suggests the invalidity of certain legacies, and, if valid, the insufficiency of the estate to provide for their payment; that the trustees named in the will have declined to act, and asks the directions of the court in reference to these several matters.

The will is obscure and confused.　It is, however, the duty of the court, as far as possible, to ascertain the intent of the testator, and to give full effect to the same.

It is said that the estate is insufficient to meet the numerous legacies in the will.　But whether so or not, by its terms the first nine items are to be paid in full, and the funds are amply sufficient for that purpose.

The annuities given by the fourth, fifth, sixth, and seventh items must be provided for.

The eighth item of the will is in the words, " I give and bequeath and leave in trust to the first Calvinist Baptist Society that may be organized in what is now the first school-district in the town of Bucksport, one thousand (1,000) dollars, for the purpose of buying a lot of land and erecting thereupon a meeting-house for the use of said society," &c.

It is urged that this is void, because there is no such incorporated society.　But the will assumes such to be the case, and makes this provision for one when it shall come into existence.　If a corporation, for whose use a charity is designed, is not *in esse,* and cannot come into existence save by an act of the crown, as a gift to found a college which requires an act of incorporation, the will will be valid, and the court will execute it.　2 Story Eq., § 1170.　*Attorney-*

*general* v. *Downing*, 3 Ves. jr. 714. In *Sanderson* v. *White*, 18 Pick. 336, Shaw, C. J., said, " When a gift is made with a view to found a hospital or college not in being, and which requires a future act of incorporation, the gift is nevertheless valid, and the court will carry it into effect." The same doctrine was held by the court in *Inglis* v. *Sailors' Snug Harbor*, 3 Pet. 99. So a devise to an unincorporated religious society will be regarded as a bequest to charitable uses, and will be enforced. *Preachers' Aid Society* v. *Rich*, 45 Maine, 553.

The 9th item is, " I give and bequeath one thousand dollars and interest from this date, till by accumulation it shall amount to a sum not exceeding two thousand dollars ; to be funded as hereinafter defined, for the support of the ministry of the first Calvinistic Baptist Society or organization named in the 8th item above, provided that if I shall be living at the time of the organization of said society, the interest shall cease and no more than the sum accumulated as above shall be appropriated for the object specified in this item. Provided further, that the said one thousand dollars, with its accumulations, upon my decease shall be put at interest for the purpose above specified in this item, of a committee or trustee appointed by the aforesaid Baptist association, together with the legal trustees of the school fund in the town of Bucksport ; or if the town shall be divided, then of the said committee or trustees, together with the legal trustee of said school fund belonging to that part of said town, which shall include what is now the first school-district in the town of Bucksport ; and provided, if the said society or church organization shall ever cease to have such ministry as above specified, then the income of said fund shall revert to my most needy heirs ; and if the society or organization should ever cease to have a ministry as above specified for the term of seven years, then the said one thousand dollars and its accumulations shall be forfeited by the said society or organization."

A legacy toward establishing a bishopric in America was held good in *Attorney-general* v. *Bishop of Chester*, 1 Bro. C. C. 987. A direction by will to pay into a certain bank " a yearly sum of

£100, for the sole use and benefit of any ministers and members of the churches now forming upon the apostolical doctrines brought forward by the late Edward Irving, &c., was held to be a valid charitable bequest of a perpetual annuity in *Attorney-general* v. *Lawes*, 8 Hare, 32.

The trustees, into whose care this sum is to be placed, are designated as " a committee or trustees appointed by the aforesaid Baptist organization, together with the legal trustees of the school fund in the town of Bucksport." But as there is no Baptist organization as yet, the fund should be managed by the existent trustees, that is, " the legal trustees of the school fund in the town of Bucksport; " for such seems the will of the testator. In other words, the testator appointed certain trustees. Of those so designated, a portion only are existent for the purposes of the trust. Undoubtedly, the court might, upon a bill for that purpose, appoint trustees, in case of a failure on the part of those designated to act; but that is not necessary at present, if there be legal trustees of the school funds, under the statutes of the State, competent to take and execute the trust.

The tenth, twelfth, thirteenth, and seventeenth items provide for " the education of a pious relative above the age of fourteen (14) years, and a resident of Bucksport, who shall be of the Calvinistic faith, and shall be a student for the ministry," &c.; " for the benefit of needy single women and widows," &c.; " for the education and instruction of poor and needy children in the first school-district in the town of Bucksport, to furnish them with necessary clothing while attending school," &c.; and " to keep in suitable repair the Buck family burying-ground, so called; " and " for the benefit of the poor and needy of my relatives."

A bequest for the purpose of endowing a professorship in a theological seminary is valid. *Auburn* v. *Kellogg*, 16 N. Y. 83. So is a bequest of money to trustees, with directions so to invest it that the interest may be, from time to time, applied toward the education of students in the ministry of a specified congregation, under the direction of the vestry-men of specified churches. *Welman* v.

*Lex*, 17 S. & R. 88. A bequest for the assistance of Unitarian congregations was held to be valid, notwithstanding the argument of counsel that such teaching was illegal. *Shrewsbury* v. *Hornby*, 5 Hare, 406. So one " for poor pious persons, male and female," *Nash* v. *Morley*, 5 Beav. 177 ; " to the suffering poor of the town of A.," though no trustee to execute the trust is named in the will, *Howard* v. *American Peace Society*, 49 Maine, 288 ; " to the widows and orphans of the parish of L.," *Attorney-general* v. *Combee*, Sim. & Stu. 93 ; " for the benefit, advancement, and propagation of education in every part of the world, as far as circumstances will permit," *Whicher* v. *Hume*, 10 Eng. L. & Eq. 218. A bequest for the repair of a family vault is a charitable use. *Mellick* v. *The President and Guardians of the Asylum*, 1 Jac. 180. So, for the repair of a tomb. *Lloyd* v. *Lloyd*, 10 Eng. L. & Eq. 139. So a legacy for making our poor relations apprentices, in *White* v. *White*, 1 Sc. & Lef. 111 ; and for distributing among my poor kinsmen and kinswomen, and among their offspring and issue, which shall live on in the county of Brecon. *Attorney-general* v. *Price*, 17 Ves. 371. A bequest to executors in trust to hold and invest the same and the income thereof, and appropriate so much or the whole of the principal and income as they might think proper " to the furtherance and promotion of the cause of piety and good morals, or in aid of objects and purposes of benevolence and charity, public or private, or temperance, or for the education of deserving youths," was held a good charitable bequest. *Saltonstall* v. *Saunders*, 11 Allen, 446.

According to the decisions of the English courts, and those of this as well as of other States, we think the various bequests must be upheld, and the intention of the testator carried into effect.

But it seems the assets of the estate are insufficient. The first nine legacies by the terms of the will have precedence. Adequate provision must be made for them, for the intention that those legacies shall have priority of payment over the others is clearly expressed.

The remaining legacies in the will must abate upon a deficiency

of assets. There is nothing indicating a preference of one over the other. The intention of the testator was, that all his legacies should be satisfied, but he gave a preference to the first nine. They being satisfied, the remainder were equally, as between each other, entitled to payment. But the assets being insufficient, they must all abate proportionally. If a testator express himself thus imprimis, or, in the first place, I give so much to A., and in the next place I give so much to B., these words will neither give a preference to A. above B., nor to them over the other general legatees, so as to exempt them from the obligation of abating with the other legatees. "The reason is, they merely point the order in which the bequests are made in succession, and do not import with certainty an intention to prefer one to another." 1 Roper on Legacies, 426. Neither does priority of payment indicate sufficiently an intention to give precedence to a legacy. The general rule of abatement is founded upon equality, and upon the justice of an equal distribution among all the general legatees, and will not be departed from, unless the testator's intention to the contrary is clearly and definitely expressed.

Of the trustees designated by § 20 of the will in question, one has deceased, and the others have refused to accept the trust arising under it. When there are trustees who have declined to act, the court, upon a bill to that effect, will appoint other trustees to act in their stead. *Bliss* v. *American Bible Society,* 2 Allen, 337 ; *Odell* v. *Odell,* 10 Allen, 1. If there are no trustees, the want of a trustee will be supplied by an appointment by the court. *Preachers' Aid Society* v. *Rich,* 45 Maine, 553. In case of charitable gifts, it is no objection that no person is named capable of taking the legal interest, for equity will supply the want of an appointment. If it becomes necessary to appoint a trustee, it will be done, notwithstanding the estate is insufficient to pay all the legacies. *Winslow* v. *Cummings,* 3 Cush. 359. A court of equity will not permit a trust to fail for want of a trustee.

In the bill before us, there is no specific prayer for the appointment of trustees.

The cost of these proceedings are a charge of the estate, the rea-

sonable amount of which must be referred to a master to determine. *Drew* v. *Wakefield,* 54 Maine, 301.

According to the true construction of the will of Moses G. Buck, it is declared :

(1) That the several legacies referred to, for charitable uses, are valid and to be upheld ;

(2) That the nine first items are to be paid in full ;

(3) The remaining legacies are to abate proportionally in case of a deficiency of assets.

That a master be appointed to ascertain :

(1) What sum will be required to satisfy the nine first items in the will ?

(2) What sum will remain to be apportioned among the remaining legatees, after deducting the expenses and cost of settlement of the estate therefrom ?

(3) To report the reasonable costs and charges incurred in these proceedings, which are to be charged on the estate ?

CUTTING, KENT, WALTON, and DANFORTH, JJ., concurred.

*Rowe,* for the complainant.

*T. C. Woodman,* for the respondents.