WILLIAM J. PIERCE, EXECUTOR, *vs.* MARTHA C. PHELPS ET AL.

First Judicial District, Hartford, May Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A testator gave the residue of his estate to a publication society of the Advent Church, charging it to use the gift in counteracting—chiefly by publications—what he, in common with the other members of that denomination, believed to be " the unscriptural, unreasonable, and pernicious doctrine of the immortality of the soul." The legatee was a corporation empowered to receive and hold property for its corporate purposes, among which was that referred to by the testator in his will. *Held:—*

1. That the legatee took the legacy absolutely and not in trust, although it was to be expended for the particular corporate purpose indicated by the testator.

2. That the gift was not affected by the statute against perpetuities, nor was it contrary to public policy.

Argued May 7th—decided June 11th, 1902.

SUIT to determine the validity and construction of the will of Sidney Hall of Hartford, deceased, brought to the Superior Court in Hartford County and reserved by that court, *Thayer, J.*, upon an agreed finding of facts, for the consideration and advice of this court.

The case is sufficiently stated in the opinion.

*Hiram R. Mills*, for the Advent Christian Publication Society.

*Nehemiah Candee* and *Caleb A. Morse,* for Martha C. Phelps et al.

TORRANCE, C. J. In 1899, Sidney Hall died leaving a will, the fifth clause of which reads as follows : " I give, devise and bequeath the remainder of my estate to the 'Advent Christian Publication Society ' located in Boston, which is duly and legally formed and organized, which society I charge with the duty of faithfully employing this legacy, according to their wisdom and judgment, chiefly by publications, in counteracting as far as may be, that greatest of all Pagan delusions, and upon which is founded all the great systems of error and superstitution in the world, namely, the unscriptural, unreasonable and pernicious doctrine of the immortality of the soul ; that thereby the entire Christian system may be readily and clearly perceived, and the way leading to eternal life made plain and free to all who will follow it."

The remainder to be disposed of under this clause, if valid, is in value about ten thousand dollars.

The complaint alleges that the following questions have arisen with reference to the validity and legal effect of this clause, concerning which the executor is in doubt : 1. Whether or not said clause creates a trust. 2. If so, whether it is a charitable trust. 3. If a trust, whether or not it is invalid for the reason that the beneficiaries are not described with certainty. 4. Whether or not said clause is void by reason of the statute against perpetuities. 5. Whether or not it is invalid as attempting to dispose of property in a way contrary to public policy. 6. Whether or not it is within the powers of the legatee named therein, to act as trustee, as provided in said clause. 7. Whether or not said trust must fail by reason of the incapacity, if any, of said legatee.

The material facts, agreed upon and found, bearing upon the construction of the clause in question, are these : The testator died in July, 1899, at an advanced age, leaving as his only heirs-at-law the nephews and nieces who are made parties to this proceeding. At the time of his death he was, and for years before had been, an active member of an Advent church

in Hartford, and was in full sympathy with the doctrines of the denomination to which said church belonged, upon the subject of the future life and of the immortality of the soul; and had expended much of his time and means in teaching and promulgating the doctrines of his church upon that subject.

The Advent Christian Publication Society, named as residuary legatee in the will, is a corporation organized under the laws of Massachusetts, with power to receive and hold property in trust for the purposes of its organization. It is one of the organizations by which the work of the Advent Church or denomination is carried on; and it is organized " for the purpose of putting in circulation such books, tracts, and periodicals, as shall best subserve the interests of the church looking for the coming and kingdom of the Lord Jesus Christ and meet the demands of the times; and all its funds shall be devoted to these religious purposes and no others." Under its charter it has the power to issue and circulate, and has heretofore been, and is now, engaged in issuing and circulating publications of the kind named in the will, and for the purpose and object therein mentioned; and all these things were well known to the testator in his lifetime.

In view of the facts agreed upon and found, it is quite clear that the residuary legatee, named in the will, is competent to take and hold the remainder given to it—either absolutely or as trustee—and for the purposes stated in the will; so that the question of its capacity to take and act may be laid out of the case.

One of the important questions in the case is whether the remainder is given to the society absolutely or in trust. We are of opinion that it is given absolutely and not in trust. The testator, first, by apt words, gives the remainder absolutely to the society, and then charges the society with a duty in respect to the legacy. He charges it with the duty of employing the legacy " in counteracting as far as may be " a certain doctrine which he describes, and of doing this " chiefly by publications." This duty is to be done "according to their wisdom and judgment." There is no require-

ment express or implied that the legacy shall constitute a fund of any kind, the income of which alone is to be used for the purpose indicated. Clearly, under the will the society may expend the entire legacy in a year or a month or a week in doing the duty thus laid upon it. This duty is one which the society was organized to perform, and which it has been and is now engaged in doing, as was well known to the testator; so that in effect the testator has merely requested or directed that his legacy shall be chiefly used for one corporate purpose rather than another. In effect the testator has said to the society: You have power under your charter, among other things, to advocate by publications the doctrine as to immortality in which I believe, and you are now engaged in doing so. I give you the remainder of my estate, but it is to be used chiefly for this one corporate purpose.

This amounts merely to a gift for corporate uses, coupled with a direction that it be applied principally to one of those uses. At most, the direction indicates an intention not to establish a trust, but to annex a condition to the gift, a condition which does not relate to the vesting of the property but to the expenditure of it. Now, it was entirely competent for the testator to direct that his bounty should be applied wholly or chiefly to one of the various purposes for which the residuary legatee was authorized to hold and expend property; but the mere fact that he has designated the purpose for which his legacy must be used falls far short of indicating, under the circumstances, a desire and intent on his part to create a trust.

" Gifts to religious and charitable corporations to aid in carrying out the purposes for which they are organized, whether by expending the principal of a bequest, or the income of a bequest to be invested in perpetuity, do not create a trust in any legal sense, do not offend against the statutes of perpetuities, and are not to be judged by any of the well-known rules pertaining to the law of trusts as applied to private individuals." *Bird* v. *Merklee,* 144 N. Y. 544, 550, 27 L. R. A. 423–425 ; *Woman's Foreign Miss. Soc. v. Mitchell,*

93 Md. 199, 48 Atl. Rep. 737; *Domestic & Foreign Miss. Soc.*
v. *Gaither*, 62 Fed. Rep. 422. Reading the clause under
consideration in the light of the facts agreed upon and found,
we think it quite clear that the remainder is given to the
residuary legatee for one of its own purposes and not in trust.

We also think that all the other questions raised in the
complaint with reference to the effect and validity of the
clause under consideration must be answered in favor of the
validity of the gift as made. It is not a trust, it is not af-
fected by the statute against perpetuities, it is not contrary
to public policy, and the legatee has full power to take and
hold it for the purposes for which it was given.

The other questions reserved, relating to the action of the
trial court upon the demurrers filed and motions made, and
to the relevancy of the facts agreed to, in view of the conclu-
sions reached as to the construction of the will, neither re-
quire nor merit discussion. So far as we can see the trial
court committed no error in its action upon the demurrers
and motions, and the facts agreed upon were relevant and
admissible in the construction of the will.

The Superior Court is advised that under the fifth clause
of the will here in question, the residuary legatee named
therein takes the remainder absolutely for the purposes named
in said clause, and not as a trust, and that the gift is a valid
one.

No costs to be taxed in this court.

In this opinion the other judges concurred.