FIRST NATIONAL BANK & TRUST COMPANY OF RACINE and another, Appellants, vs. GOLD and others, Respondents.
SAME vs. ESTATE OF EMIL C. TECKTONIUS, DECEASED, (INC.), Respondent.

*February 7—March 5, 1935.*

524

For the appellants there was a brief by *J. M. Weisman* and *Glynn Williams* both of Racine, attorneys, and *Wetten,*

*Pegler & Dale* of Chicago of counsel, and oral argument by *Mr. Weisman.*

For the respondent Estate of Emil C. Tecktonius, Deceased, (Inc.), there was a brief by *Eugene L. Haley* of Racine and *Robert A. Hess* of Milwaukee, attorneys, and *Clement Winzenburg* of Milwaukee of counsel, and oral argument by *Mr. Winzenburg* and *Mr. Haley.*

WICKHEM, J.    Plaintiffs' first contention is that since Emil C. Tecktonius and Bridget A. Tecktonius were joint tenants of the four parcels of real estate here involved, the latter took by survivorship and these parcels were never a part of the estate of Emil C. Tecktonius.    The validity of this contention will be assumed without any detailed consideration of its soundness.    For the purposes of this appeal it will be assumed that the title to the four parcels in question was in Bridget A. Tecktonius up to the time of the quitclaim deed by her to the defendant corporation.    This contention is also made the basis for a further claim that this real estate, being no part of the estate of Emil C. Tecktonius, the corporation had no authority in law to administer thereon. This contention is immaterial.    The question is whether the corporation had capacity to take title, and it is clear that any corporation organized under ch. 180 has the power to take and own property and to sell or dispose of the same. Sec. 182.01, Stats.

An elaborate argument is made to the effect that the complaint sufficiently shows a dealing between testamentary trustees and a *cestui;* that the transfer by a *cestui* to a trustee without consideration is fraudulent and void, at least in the absence of an affirmative showing by the trustee of the fairness of the transaction.    Reliance is had upon *Ludington v. Patton,* 111 Wis. 208, 86 N. W. 571.    In that case the testamentary trustees of plaintiff's husband induced her to take

under a contract providing for an annual income and the conveyance to her of property out of the estate, in return for a waiver of her legal rights as well as those under the will. Had she elected to take her legal rights, she would have received a much larger estate. It was there held, after a trial upon the merits, that the evidence showed the existence of a confidential relationship between the parties arising out of years of close association, during which time the executors were advisers of plaintiff and her husband; that under these circumstances there was a breach of the confidential relationship by reason of the fact that the trustees undertook to induce the plaintiff to waive her rights without a complete disclosure of what these rights were or the extent of the estate. There are several distinguishing features in the *Ludington Case*. That case came to this court after a trial upon the merits, in which every detail of the confidential relationship was brought out, and this court was able to say that regardless whether a technical trust had been created at the time of the dealings between the parties, there was and for years had been a confidential relationship between plaintiff and defendants, which was breached by failure to make a full disclosure to plaintiff of her legal rights and the facts concerning the estate. Furthermore, the negotiations had to do with the subject-matter or *res* of the trust, and the statements of law contained in the opinion have to do with the dealings of a trustee or fiduciary with respect to the subject of the trust.

This case is here upon a demurrer. So far as the complaint discloses, these four parcels were not a part of the *res,* if indeed there was a testamentary trust at all. This question we do not deem it necessary to determine. If there was such a trust, it was a trust in property other than these parcels, and Bridget was interested as *cestui* only in the subject-matter of that trust. The complaint thus discloses that a *cestui* conveyed to her trustees property wholly outside of and apart from the *res* held by them as trustees. This was not a deal-

ing between the *cestui* and the trustees in relation to the subject of the trust, nor are there any facts alleging that there existed, apart from the technical relation of trustee and *cestui,* any relation of trust or confidence or dependence out of which constructive fraud might be presumed, until such time as the trustees sustained the burden of showing its absence. In the absence of such an allegation, the mere statement that a *cestui* made a voluntary conveyance to a trustee of property wholly distinct from the trust *res,* is not a sufficient allegation of fraud. Furthermore, the recitals in the quitclaim deed by Bridget Tecktonius clearly indicate her full understanding, first, that the title to the property was in her; second, that she had paid no part of the consideration; third, that her husband had always supposed the property to be his to dispose of by will; and, fourth, her intention to retain no interest in the property other than that which the will intended her to have. In other words, she recites all of the motives that led her to make the conveyance, and discloses her knowledge of all matters that a trustee would be expected to disclose to her. This rebuts any inference of fraud, especially in view of the fact that there is no allegation that the *cestui* executed the deed at the instance of the trustees. The trial court correctly held the complaint to state no cause of action.

We do not discuss, for the reason that it is unnecessary to a disposition of this case, the question whether, if plaintiffs' initial contentions were sound, this deed would be void or merely voidable, nor do we find it necessary to consider the significance of the fact that it nowhere appears in the complaint that Bridget Tecktonius, during her lifetime, ever attempted to rescind the conveyance or avoid the transaction.

*By the Court.*—Orders affirmed.